UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY CARDONA,<br><br>         Plaintiff,<br><br>v.<br><br>FCA USA, LLC,<br><br>         Defendant. | Case No.:  24-cv-1848-JAH-KSC<br><br>**ORDER DISCHARGING ORDERS TO SHOW CAUSE** |

Two Orders to Show Cause remain undischarged. Doc. Nos. 11, 18. As the Court will explain, the Orders are hereby discharged and counsel for plaintiff will be sanctioned.

**I Background**

On October 15, 2024, the Court issued a Notice and Order setting this case for an Early Neutral Evaluation ("ENE") and Case Management Conference ("CMC"). Doc. No. 5 (the "ENE Order"). The ENE Order required plaintiff and plaintiff's counsel to engage in specific settlement negotiations with defendant. *Id.* It also required plaintiff's counsel to take two actions the week before the ENE: lodge a settlement conference brief, with very specific contents; and email the Court with the contact information for all ENE participants, including the plaintiff. *Id.* The deadline for taking those pre-conference actions was November 27, 2024. Doc. No. 8. As of December 2, 2024, plaintiff's counsel had failed to take either action. Doc. No. 10. The Court gave counsel an opportunity to cure the failure.

*Id.* As of December 2, 2024, plaintiff's counsel had not followed the Court's orders, despite multiple entries on the docket indicating exactly what needed to be done and by what deadlines.

Accordingly, the Court issued an Order to Show Cause for violating the Court's prior Orders. Doc. No. 11 (the "First OSC"). The First OSC required plaintiff *and* plaintiff's counsel to submit declarations and appear at a hearing on December 12, 2024. *Id.* Plaintiff never submitted a declaration. Plaintiff's four attorneys of record—Sanam Vaziri, Elizabeth LaRocque, Rabyia Tirmizi, and Tionna Carvalho—submitted declarations. Doc. Nos. 13-16. The Court held a hearing on December 12, 2024, but plaintiff failed to appear. Doc. No. 17. Attorney Tionna Carvalho also failed to appear. *Id.*

Given the several failures to appear at the hearing on the First OSC, the Court continued the hearing on the First OSC and issued another Order to Show Cause for plaintiff and counsel's violations of the First OSC. *See* Doc. No. 18 ("Second OSC"). The Court ordered plaintiff and her four attorneys to file declarations and appear at the hearing on the Second OSC. *Id.* Two of plaintiff's four attorneys—Rabiya Tirmizi and Tionna Carvalho—submitted declarations as ordered. Doc. Nos. 19, 20. Plaintiff once again failed to file a declaration, as did attorneys Elizabeth LaRocque and Sanam Vaziri. On December 19, 2024, the Court held hearings on the First OSC and the Second OSC. Doc. No. 21. Plaintiff did not appear, but all plaintiff's attorneys appeared. *Id.* The Court took the matter under submission. Doc. No. 25 at 7.

## II    Whether Plaintiff or Her Attorneys Shall be Sanctioned

The Court must now issue orders discharging both OSCs and determining whether plaintiff and her attorneys, singly or in combination, should be sanctioned for repeated violations of the Court's pretrial Orders. The Court may generally issue "any just orders" to sanction parties or their attorneys for any failure to obey a pretrial order, including, but not limited to, failing to appear at a pretrial conference, failing to be prepared for a pretrial conference, or failing to participate in that conference in good faith. *See* Fed. R. Civ. P.

16(f). The Court will separately address whether plaintiff and her counsel have shown cause in response to the First and Second OSC.

### (A)  Plaintiff and Counsel's Response to the First OSC

The subject of the Court's OSC is whether plaintiff and her counsel should be sanctioned for the failure to file a settlement conference brief and otherwise prepare for the Early Neutral Evaluation as ordered. *See* Doc. No. 11. Plaintiff did not file a declaration responsive to the First OSC, and the Court's docket reflects that she has never appeared, so the Court has not heard from plaintiff directly. *See generally* Doc. Nos. 17, 21, 23, 25.

Court can resolve the First OSC as to plaintiff based on the information received from plaintiff's attorneys. Rabiyi Tirmizi declared that plaintiff's relationship with her attorneys started to break down on or around November 19, 2024, such that Ms. Tirmizi "began to have difficulties reaching [her] client." Doc. No. 16 ¶ 6. By December 2, 2024, plaintiff had told Ms. Tirmizi she no longer wanted to purse this case. *Id.* ¶ 7. That same day, Ms. Tirmizi broached the subject of dismissing the matter with defense counsel. *Id.* ¶ 8. Because she thought the case would be dismissed, Ms. Tirmizi never even sent the First OSC to plaintiff, and she neither informed her client of the need to file a declaration or appear at the December 12, 2024, hearing on the First OSC. *See* Doc. No. 23 at 5-6. The Court concludes the plaintiff does not bear responsibility for the failure to comply with the Court's ENE Order because, although she was obligated to file the declaration and comply with the Court's Orders, at the time the dates for compliance came and passed, the record supports a finding that plaintiff did not want to pursue the matter anymore and she reasonably could have believed compliance with the ENE Order was unnecessary.

The same cannot be said of plaintiff's attorneys. Attorney Rabiya Tirmizi explains her failure to comply with the ENE Order is because her client relationship had broken down and plaintiff decided to dismiss the case. *See* Doc. No. 16 at 2-3, Doc. No. 23 at 5-6. Indeed, the parties filed a Joint Motion to Dismiss on December 4, 2024. Doc. No. 12. But the deadline for lodging settlement briefs and providing participant information to the Court was November 27, 2024. Doc. No. 8. Then, the Court gave counsel until December

2, 2024, to comply. Doc. No. 10. Thus, counsel *twice* missed the deadline *before* any motion to dismiss was filed. Attorneys have ample options when faced with Court ordered deadlines that may not be practically met, including the filing of joint motions to amend those deadlines, or even *ex parte* applications when circumstances become exigent. *See Cruz v. Nike Retail Servs., Inc.*, 346 F.R.D. 107, 114 (S.D. Cal. 2024). Disregarding deadlines is not one of the options. *See id.* Here, Ms. Tirmizi concedes she was having trouble with her client weeks before the lodgments were due to be filed. Doc. No. 16 at 2. She had time to seek relief from the Court's deadlines, she failed to do so, and those deadlines passed. She has not, accordingly, shown good cause for her failure to comply with the Court's Notice and Order.

Attorney Sanam Vaziri's declaration states her "role and responsibility" at her law firm—Strategic Legal Practices—are limited to drafting and filing complaints in state courts. *See* Doc. No. 13 at 2. After that, she disclaims any responsibility for this matter. *Id.*[1] But all attorneys who have appeared in the matter are jointly responsible for ensuring compliance with the Court's orders. *See, e.g.*, *Steel v. Stoddard*, 11-cv-2073-H-RBB, 2013 WL 12064545, 2013 U.S. Dist. LEXIS 1199213, at 30 (S.D. Cal. Feb. 15, 2013) (citing *Beck v. Wecht*, 28 Cal. 4th 289, 297-98 (2002)). Here, attorney Vaziri filed this action, and the Court is unaware of any authority holding that its subsequent removal absolves her of her duties to her client and to this Court. Like Ms. Tirmizi, Ms. Vaziri twice blew the deadline to comply with the Court's ENE Order, and she failed to seek relief from the Order based on an alleged inability to comply. Accordingly, Ms. Vaziri has not shown cause to excuse her failure to comply with the Court's ENE Order.

Attorney Elizabeth LaRocque declares she participated in the Rule 26(f) conference with defendant's counsel. *See* Doc. No. 14 at 2. However, she does not offer any explanation why she failed to file a settlement conference statement on behalf of her client.

---

[1] This case was filed in the San Diego Superior Court on September 11, 2024, and thereafter removed to this Court on October 14, 2024. Doc. No. 1.

1  True, she declares it was her "understanding" that her colleague later reached an agreement
2  with defense counsel to prepare and file a joint motion to dismiss this action. *See id.* at 2-
3  3. But the deadline for complying with the Court's Notice and Order passed (twice) before
4  any dismissal motion was filed; and even then, counsel was not excused from complying
5  with the Court's Notice and Order unless and until (a) the District Judge acted on the
6  dismissal motion; or (b) the Court issued an Order relieving counsel of the obligation to
7  comply. As co-counsel on this matter, attorney LaRocque bore full responsibility for this
8  matter, notwithstanding internal divisions of labor with her colleagues. *Steel*, 2013 U.S.
9  Dist. LEXIS 1199213, at 30. She has not shown cause for her failure to comply with the
10 Court's Notice and Order.

11       Attorney Tionna Carvalho declared that her sole responsibility in this case was pre-
12 filing review of the initial complaint. *See* Doc. No. 15 at 2. Moreover, she declares she was
13 on maternity leave when the deadlines for compliance with the Court's ENE Order passed.
14 *See id.* Although the Court is sympathetic to the fact that Ms. Carvalho was on maternity
15 leave, she nonetheless remains responsible for all the cases on which she appears as counsel
16 of record. While she is free to "review" complaints bearing her name and then delegate
17 responsibility for those cases after they are filed, she does so at her peril in the eventuality
18 that, as happened here, the junior attorneys at her firm fail to comply with court rules and
19 orders. Attorneys taking leave for various reasons may notify the Court and opposing
20 counsel by withdrawing from matters or filing "notices of unavailability" during planned
21 leaves, thereby alerting others that their case involvement is limited during a set period.
22 Ms. Carvalho's failure to follow such best practices means she remained active in this case,
23 and she has not shown cause for her failure to comply with the Court's ENE Order.

24       **(B)     Plaintiff and Counsel's Response to the Second OSC**

25       The Second OSC differs in scope from the First OSC. Plaintiff and her attorneys
26 were all ordered to show cause for plaintiff's failure to appear at the December 12, 2024,
27 hearing on the First OSC. *See* Doc. No. 18 at 2. Plaintiff received a second chance to show
28 cause for her failure to comply with the ENE Order. *Id.* Plaintiff's attorneys were also

ordered to show cause for attorney Carvalho's failure to appear at the first OSC hearing. *Id.* Plaintiff did not provide the required declarations or appear at the hearing on December 19, 2024. Although plaintiff has not provided a declaration, the Court concludes plaintiff has good cause for failure to attend the hearing on December 12, 2024, because her attorneys completely failed to tell her about it. *See* Doc. No. 23 at 5-6. Attorney Rabiya Tirmizi stated at the hearing that she provided notice of the hearing on the Second OSC to her client. *See* Doc. No. 25 at 6. Her sworn declaration provides more specific detail, as Ms. Tirmizi declares she unsuccessfully tried to reach plaintiff by phone and sent "a Notice of Ruling with the Court's Minute Order attached" at unspecified times between December 12, 2024, and December 17, 2024. Doc. No. 19 ¶¶ 14-17. The Court notes Ms. Tirmizi did ***not*** say she provided plaintiff with a copy of the Second OSC, and she also has not claimed to have advised her client of the obligations imposed by the Second OSC. None of plaintiff's other attorneys have stepped up to say they appropriately advised their client. The ordinary rule is that a party is bound by the attorney's errors, even when it leads to prejudice. *Wei v. Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985). At the same time, a Court should not sanction a blameless party when attorneys fail to comply with pretrial scheduling orders. *See Martin Family Trust v. NECO/Nostalgia Enters. Co.*, 186 F.R.D. 601, 604 n.4 (E.D. Cal. 1999). The Court concludes plaintiff did not receive adequate information from her counsel to understand and respond to the Second OSC, a matter that was within counsel's responsibility to control. Thus, because her attorneys failed to advise plaintiff of the December 12, 2024, hearing, and the also failed to appropriately advise her of her obligation to show cause for failing to attend that hearing, there is good cause for plaintiff's failures to comply with the Court's First OSC Order.

Attorneys LaRocque and Vaziri both failed to submit declarations responsive to the Second OSC. During the hearing, they both claimed they did not understand the Second OSC as requiring them to submit further declarations. *See id.* at 5-6. The Second OSC was unambiguous in the requirement that "*all*" plaintiff's attorneys of record were required to explain the collective failures to comply with the First OSC when plaintiff failed to file a

declaration or appear as ordered. *See* Doc. No. 18 at 2. Thus, Ms. Vaziri and Ms. LaRocque have both failed to show cause for their failures to comply with the First OSC.

Ms. Carvalho filed a declaration as ordered by the Second OSC. *See* Doc. No. 20. However, the declaration includes no explanation for why she did not appear at the First OSC hearing or why she did not secure her client's compliance with the First OSC. *See id.* Instead, Ms. Carvalho tries to explain how it came to be that she and her colleagues filed a bevy of California Lemon Law cases in the Southern District on behalf of plaintiffs who reside outside California; and who may have purchased, repaired, and driven their vehicles in states other than California. *See generally id.*[2] That is not what Ms. Carvalho has been ordered to show cause for by *this* Court in *this* case. During the hearing on the Second OSC, Ms. Carvalho tried to show cause for her failure to appear at the hearing on the First OSC by explaining how she thought she was excused from appearing because she was on maternity leave. *See* Doc. No. 25 at 8. But, as the Court has already explained, absent any filing to advise the Court of her planned leave, as counsel of record whose name is prominently displayed in filed pleadings, this explanation does not show cause for her failure to attend a court-ordered hearing.[3] Accordingly, the Court concludes Ms. Carvalho has not shown good cause for her failure to comply with the First OSC.

Ms. Tirmizi's reason for why she did not secure her client's appearance at the hearing on the First OSC is straightforward: she did not tell her about the hearing because she believed the client did not want to pursue the case further. *See* Doc. No. 19 at 2-3; Doc. No. 24 at 6. But Court Orders must be complied with unless the Court excuses compliance. *Cruz*, 346 F.R.D. at 114. Here, Ms. Tirmizi claimed she had been having communication difficulties with her client since approximately November 19, 2024, long before the Court

---

[2] Other judges in this District have taken up that issue. *See, e.g.*, *McPhail v. FCA US, LLC*, 24-cv-1879-WQH-DDL, Doc. No. 7 (S.D. Cal. Jan. 6, 2025); *Fraser v. FCA US, LLC*, 24-cv-1805-JES-DDL, Doc. No. 5 (S.D. Cal. Dec. 16, 2024). This Court has not.
[3] Ms. Carvalho could also have sought to be relieved from her obligation to attend the OSC hearings by filing an appropriate motion in advance, but she failed to do so.

issued the First OSC. *See* Doc. No. 19 at 2. Faced with an Order requiring her client's appearance, she had options to seek relief. Doing nothing was not among them. Accordingly, she has not shown good cause for failing to secure her client's compliance with the First OSC.

Plaintiff and her attorneys have violated numerous Orders of the Court. Although plaintiff's failures are excusable, many of the violations have gone unexplained by counsel. What explanations counsel have provided all fall short of establishing good cause for repeated violations of the Court's Orders. The Court concludes sanctions are appropriate, the only question remains what type of sanction shall be imposed.

### (C)   The Appropriate Sanction

The Court has discretion to issue "any just orders" under Rule 16(f), including the full panoply of sanctions enumerated in Federal Rule of Civil Procedure 37(b)(2)(A)(ii)-(vii) and the option to shift fees and costs between the parties. *See* Fed. R. Civ. P. 16(f). Sanctions can be imposed against a party, the party's attorney, or both. *See id.* The sanctions provision of Rule 16 is "broadly remedial," and its purpose is to encourage "forceful judicial management." *See Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986). The Court's discretion can even include the imposition so-called "punitive" sanctions that "vindicate the authority of the court by punishing the offending party." *See HM Elecs., Inc. v. R.F. Techs., Inc.*, 171 F. Supp. 3d 1020, 1026-27 (S.D. Cal. 2016); *see also Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, n.10 (9th Cir. 1983) (rule-based sanctions, even if not based on the contempt power, "may be imposed to deter and to penalize"); *Media Duplication Servs. v. HDG Software*, 928 F.2d 1228, 1242 (1st Cir. 1991) ("We have no hesitation in endorsing the use of punitive monetary sanctions as a means of deterring neglect of [a Rule 16] obligation."); *Martin Family Trust v. NECO/Nostalgia Enters. Co.*, 186 F.R.D. 601, 604-05 (E.D. Cal. 1999) (sanctioning counsel $300, payable to the Clerk of Court, for failing to comply with a Scheduling Order). At the same time, the Court's authority to impose sanctions is limited by prudential

concerns, including restraint from issuing monetary sanctions when "more moderate penalties" would suffice. *See Zambrano v. Tustin*, 885 F.2d 1473, 1480 (9th Cir. 1989).

The default Due Process rule for Rule 16(f) sanctions is simply that a party or attorney to be sanctioned receive notice and an opportunity to be heard. *See Ayers v. Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990); *see also Miranda v. S. Pac. Transp. Co.*, 710 F.2d 516, 520-21 (9th Cir. 1983) (upholding the imposition of a $250 punitive sanction issued pursuant to a local rule on the grounds that it was not a contempt sanction and not inconsistent with the FRCP); *Banks v. Whambo! Enter., LLC*, 2022 U.S. App. LEXIS 31400, at *2 (9th Cir. Nov. 14, 2022) (upholding a $500 punitive sanction imposed under Rule 16(f) after providing notice and an opportunity to be heard). But if the sanction is sufficiently serious, regardless of the authority under which it is imposed, the Court cannot impose any such sanction without "following the procedures applicable to criminal cases, including appointment of an independent prosecutor, proof beyond a reasonable doubt and a jury trial." *Miller v. City of Los Angeles*, 661 F.3d 1024, 1030 (9th Cir. 2011). Although never explicitly resolved at the Circuit level, the Ninth Circuit has endorsed a rough guideline of $5,000 "in 1989 dollars" as the cutoff for where a trial court must supply criminal safeguards before imposing serious punitive sanctions. *See id.; accord Ocwen Loan Servicing, LLC v. Marino*, 577 B.R. 772, (B.A.P. 9th Cir. 2017). This guidance is in accord with the other Circuits that have taken up the question. *Miller*, 661 F.3d at 1030.

As to whether a conventional cost-shifting sanction should be imposed on plaintiff's attorneys, the Court does not see the utility in shifting defendant's costs and fees against counsel in this case. After all, the case appears to be essentially over, and defendant has basically prevailed. The only stakeholder who has suffered any substantial prejudice is the plaintiff. Counsel's actions have also required this Court to expend substantial time enforcing orders and holding OSC hearings. Shifting defense costs does not remedy that prejudice, and the Court therefore declines to do so. At the same time, the Court concludes the imposition of some sanction is appropriate here.

Counsel have violated the Court's Orders multiple times, they have had notice and an opportunity to show cause why their failures to follow Court orders should be excused, and they have generally failed to provide any explanation the Court finds satisfactory. As a matter of prudence, the Court finds anything less than a monetary sanction would be insufficient. Accordingly, the Court exercises its discretion under Federal Rule of Civil Procedure 16(f) to impose a sanction of $500 against each of plaintiff's attorneys, to be paid to the Court, rather than to the opposing party. *See Dwight Banks v. Whambo! Enters., LLC*, 20-cv-1674-LAB-DEB, 2021 WL 2290783, 2021 U.S. Dist. LEXIS 105563, at *23 (S.D. Cal. Jun. 4, 2021), *aff'd in part*, *Banks*, 2022 U.S. App. LEXIS 31400.

### III   Counsel's Unprofessional Conduct

The Court harbors concerns that counsel's handling of this matter amounts to a breach of professional responsibility. Counsel have generally failed to: (1) follow the Court's Orders; (2) secure the participation of their client in this matter; and (3) properly apprise their client of important developments in the litigation despite not having been relieved as counsel. These failures all speak to a serious lack of attention to the material details of this representation. The professional failings in this case appear to follow a pattern with plaintiff's attorneys. This is not the only case in which plaintiff's counsel declares they have lost contact with a client. *See McPhail v. FCA US, LLC*, 24-cv-1879-WQH-DDL, Doc. No. 6 at 2; Doc. No. 10 at 4 (S.D. Cal. Jan. 6, 2025); *Fraser v. FCA US, LLC*, 24-cv-1805-JES-DDL, Doc. No. 8 at 3 (S.D. Cal. Dec. 27, 2024).

In another case pending before this Court, by the same law firm representing plaintiff in this action, which came on for hearing at the same time as this case, despite the client's stated intentions to participate in an Early Neutral Evaluation and pursue resolution, counsel sought and obtained leave to withdraw from representation, citing irreconcilable differences with their client. *See* Doc. No. 25 at 11-15; *Mason v. FCA*, 22-cv-1848-DMS-KSC, Doc. Nos. 26, 27, 35, 36 (S.D. Cal. Jan. 14, 2025). Although the Court understands that client relationships sometimes break down, losing contact with three clients in three separate lawsuits all filed in the same Court during the same general time, while also

suffering an irreversible breakdown with another is very concerning. Counsel's conduct is not the basis for the Court's decision to issue sanctions in this case. The Court makes this observation about counsel's conduct because future lapses in professional conduct may lead to a disciplinary referral pursuant to Civil Local Rule 2.2.e.

### IV     Conclusion

The Court's prior Orders to Show Cause are discharged. Attorneys Tionna Carvalho, Rabiya Tirmizi, Elizabeth LaRocque, and Sanam Vaziri[4] shall each pay a sanction of $500 to Miscellaneous Fines, Penalties and Forfeitures, Not Otherwise Classified, Fund of the United States Treasury. The sanctions shall be delivered to the Office of the Clerk of Court on or before **March 10, 2025**.

Counsel shall file declarations attesting to payment of their sanctions within 48 hours of making payment.

**IT IS SO ORDERED**

Dated: February 28, 2025

Hon. Karen S. Crawford
United States Magistrate Judge

---

[4]     Attorney Vaziri filed a "Notice of Disassociation of Counsel" on January 23, 2025. Doc. No. 30. The filing does not relieve her of the consequences of this Order, including the imposition of sanctions.